UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LENSLEY REECE,

                                    Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. CHRISTOPHER
IANNO (Shield # 13-581) and P.O. TERRY (Shield #
17952,

                                  Defendants.

------------------------------------------------------------------X

**STIPULATION OF
SETTLEMENT AND
ORDER OF DISMISSAL**

10 CV 3304 (ENV) (CLP)

This document has been
electronically filed.

      **WHEREAS,** plaintiff commenced this action by filing a complaint on or about July 19, 2010, alleging that defendants violated plaintiff's federal civil and state common law rights; and

      **WHEREAS,** defendants deny any and all liability arising out of plaintiff's allegations; and

      **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

      1.    The above-referenced action is hereby dismissed against, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

      2.    Defendant City of New York hereby agrees to pay plaintiff, Lensley Reece, Nine Thousand ($9,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against defendants and to release the defendants and any present or former employees and agents of the City of New York, or any agency thereof, from any and all

liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses and attorneys' fees.

3. Plaintiff shall execute and deliver to defendant City's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission that the defendants have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York, or any agency thereof.

6. Plaintiff agrees to hold harmless the defendants regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant City reserves the right to issue a multiparty settlement check, naming Medicare as a payee, or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
October 12, 2010

| | |
|---|---|
| PATRICK IKE O'KEKE, ESQ.<br>*Attorney for Plaintiff* | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>City of New York<br>*Attorney for Defendant the City of New York* |
| 225 Livingston St., 4th Floor<br>Brooklyn, New York 11217<br>(718) 855-9595<br>polawuk@aol.com | 100 Church Street<br>New York, New York 10007<br>(212) 676-1395<br>cbeck@law.nyc.gov |
| By: _____<br>Patrick Ike O'keke<br>Attorney for Plaintiff | By: _____<br>Curt P. Beck<br>Special Assistant Corporation Counsel |

The Clerk is directed to close this case.

SO ORDERED:

_____  OCT 25 2010
THE HONORABLE ERIC N. VITALIANO, U.S.D.J.

3